IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WALTER ROBERTSON,

    Plaintiff,

    v.                                                                            No. CV 07-0565 JH/CEG

WEXFORD HEALTH SOURCES,
INC.; FNU BREEN, M.D; and
THE GEO GROUP, INC.,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on Walter Robertson's ("Robertson") Motion for Emergency Temporary Restraining Order (Cancer Testing and Treatment), filed June 12, 2007. *See Doc. 5*. The Court has reviewed the motion and the relevant authorities. On August 23, 2007, the Court held a telephonic hearing, where it heard from Plaintiff, Attorney James R. Wood, for Wexford Health Sources, Inc. ("Wexford"), and Attorney April White, for GEO Group, Inc. ("GEO").[1] For the reasons below, I recommended that Geo be ordered to refer Robertson to a specialist for diagnosis and treatment of his "tumor/mass." *See Doc. 5 at 2*.

### Background

Robertson is an inmate at the Lea County Correctional Facility ("LCCF") in Hobbs, New Mexico. In his Motion and at the telephonic hearing, Robertson alleged that around March 29, 2007, a Wexford physician, Dr. Velasquez, noted that he had a ½ inch by 1 inch "tumor/mass" in

---

[1] April White made a limited appearance for the purpose of representing GEO at the telephonic hearing only. Geo has not accepted service of process, however, Wexford and Dr. Breen have.

his abdomen.  *See Doc. 5* at 2.  Since that time, Robertson states that the "tumor/mass" has grown to 4 inches by 6 inches.  *Id.*  According to Robertson, after Dr. Velasquez reviewed blood tests, he determined that the "tumor/mass" may be "life threatening within six months if not treated," and that Dr. Velasquez requested multiple times that Robertson be referred to a specialist.  *Id.*  Robertson alleges that Dr. Breen, in Wexford's corporate office, refused to authorize referral of Robertson to a specialist for treatment and or diagnosis of his "tumor/mass." *Id.*  As of July 1, 2007, Wexford no longer provides medical services at LCCF.  As of July 1, 2007, Robertson alleges that he has continued to be refused medical treatment, and has been told that he is being refused treatment because of the proximity of his release date, which is in May or June of 2008.  Robertson also stated at the hearing that since the filing of his Motion, he has been told by his treating physicians that due to the growth-rate of his "tumor/mass," there is a 99% chance that it is cancerous.  At the hearing, Defendants did not dispute any of Robertson's allegations.

## Analysis

As a pro se litigant, Robertson is entitled to a liberal reading of his pleading and his submissions are held to a less stringent standard than applied to those drafted by a lawyer.  *See Gillihan v. Shillinger*, 872 F.2d 935, 938 (10th Cir. 1989).  However, a Court may not assume the role of advocate for a pro se litigant, and a pro se litigant must follow the same rules of procedure that govern other litigants.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *Oklahoma Federated Gold & Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 139 (10th Cir. 1994).  A party seeking a temporary restraining order has the burden of demonstrating all four of the following elements:

>   (1) that he will suffer irreparable harm unless the injunction issues,
>   (2) there is a substantial likelihood that he will ultimately prevail on the merits,
>   (3) the threatened injury to him outweighs any harm the proposed injunction will cause non-movants, and
>   (4) the injunction would not be contrary to the public interest.

*See American Civil Liberties Union v. Johnson*, 194 F.3d 1149, 1155 (10th Cir. 1999).

Robertson's pleadings and arguments have adequately addressed the four elements above. Considering the facts set forth by Robertson, he has clearly satisfied his burden. That is, there is a substantial likelihood that he will prevail and that he will suffer irreparable harm if the injunction does not issue. Referring Robertson to a specialist for diagnosis and treatment is not contrary to the public interest, and his threatened injury outweighs any harm the proposed injunction will cause GEO. Accordingly, I recommended that GEO be ordered to refer Robertson to a specialist for diagnosis and treatment of his "tumor/mass." Because Wexford no longer provides medical services at LCCF, I recommend that the Motion be denied with respect to Wexford and Dr. Breen. I also recommend that no bond be issued.

Wherefore,

IT IS HEREBY RECOMMENDED THAT:

1)   Robertson's Motion for Emergency Temporary Restraining Order (Cancer Testing and Treatment) be granted in part and denied in part; and

2)   Defendant GEO be ordered to refer Robertson to a specialist for diagnosis and treatment; this order should remain in effect for a period not to exceed thirty (30) days.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections with the Clerk of the District Court within the ten day period**

**if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE