IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WALTER ROBERTSON,

    Plaintiff,

   v.                                                                        No. CV 07-0565 JH/CEG

WEXFORD HEALTH SOURCES,
INC.; FNU BREEN, M.D; THE GEO
GROUP, INC.; and CORRECTIONAL
MEDICAL SERVICES, INC.,

    Defendants.

## ORDER ADOPTING IN PART AND MODIFYING IN PART THE PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition, filed August 24, 2007. *See Doc. 14*. Defendants Wexford Health Sources, Inc. ("Wexford"), the GEO Group, Inc. ("GEO"), and Correctional Medical Services, Inc. ("CMS") have all filed objections. *See Docs. 15, 19, 25*. The Court has carefully reviewed the objections de novo, and, for the reasons below, adopts in part and modifies in part the Proposed Findings and Recommended Disposition, and hereby orders CMS to immediately refer Plaintiff to a specialist for diagnosis and treatment.

Wexford objects to the Proposed Findings and Recommended Disposition, arguing that it contains two factual inaccuracies. *See Doc. 15*. First, Wexford asserts that the Magistrate Judge incorrectly found that Wexford waived service of process on behalf of Dr. Breen. *Id*. Having reviewed the record, the Court notes that Wexford's first objection is well-taken, and it hereby modifies the findings to reflect that Wexford has not accepted service on behalf of Dr. Breen.

Second, Wexford objects to the portion of the Proposed Findings and Recommended Disposition that states, "At the hearing, Defendants did not dispute any of [Plaintiff's] allegations." *Id.* Wexford argues that the findings should indicate that Wexford did not object to Plaintiff's allegations at the hearing because it had not obtained the necessary medical evidence. Upon a review of the record, Wexford's second objection is overruled. The Magistrate Judge's findings accurately portray what transpired during the hearing.

GEO objects to the Proposed Findings and Recommended Disposition, arguing that "GEO does not provide medical care to inmates at LCCF, nor does it contract with any person/entity to provide medical care to inmates at LCCF. . . . Currently medical services at LCCF are provided by . . . CMS." *Doc. 19.* The Court has reviewed the record, including the Affidavit of John L. Choate and the Facility Provision, Management and Operations Agreement, and agrees with GEO's contention. Accordingly, the Proposed Findings and Recommended Disposition will be modified to order CMS, not GEO, to refer Plaintiff to a specialist.

CMS objects to the Proposed Findings and Recommended Disposition, claiming that Plaintiff presented an inaccurate and misleading narrative of his medical care to the Court, which fails to demonstrate the four elements necessary to obtain a temporary restraining order. *See Doc. 24* at 2. As support, CMS attaches an exhibit entitled "Affidavit of Gustavo Velasouez [sic], M.D." *Id.* at Ex. A. While this exhibit is signed, it is not notarized.

After reviewing the record, the Court adopts the Magistrate Judge's finding that Plaintiff has satisfied his requisite burden and her recommendation that Plaintiff be referred to a specialist for treatment and diagnosis. Many of the pertinent facts alleged by Plaintiff are corroborated by CMS's objections. CMS's objections support Plaintiff's allegations that: (i) Dr. Velasquez could not diagnosis the mass in Plaintiff's stomach, (ii) Dr. Velasquez recommended that Plaintiff be

referred to a specialist, and (iii) Dr. Velasquez's request for referral was denied.  In a recent letter to the Court, Plaintiff states, "I don't want to die in here." *Doc. 26*.  In adopting the Magistrate Judge's findings, the Court takes special notice of the possible irreparable harm Plaintiff will suffer in the absence of an injunction.  Accordingly, CMS's objections are overruled.

Wherefore,

IT IS HEREBY ORDERED THAT:

1) the Magistrate Judge's Proposed Findings and Recommended Disposition are adopted in part and modified in part  (*Doc. 14*);

2) Plaintiff's Motion for Emergency Temporary Restraining Order *(Doc. 5)* is granted in part and denied in part; and

3) CMS is ordered to refer Plaintiff to a specialist for diagnosis and treatment; this order will remain in effect for a period not to exceed thirty (30) days.

_____
UNITED STATES DISTRICT JUDGE