IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WALTER ROBERTSON,

    Plaintiff,

    v.                                                                     No. CV 07-0565 JH/CEG

WEXFORD HEALTH SOURCES,
INC.; FNU BREEN, M.D; THE GEO
GROUP, INC.; and CORRECTIONAL
MEDICAL SERVICES, INC.,

    Defendants.

PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

    This matter is before me on Defendant GEO Group, Inc.'s (GEO) Motion to Dismiss, which was filed August 30, 2007. *See Doc. 18*. In the motion, GEO contends that the Plaintiff, Walter Robertson (Robertson), has failed to state a claim upon which relief can be granted. *Id*. I agree and, for the reasons below, recommend that the motion to dismiss be granted.

Background

    Robertson, an inmate at the Lea County Correctional Facility (LCCF), has filed a suit asserting claims under 42 U.S.C. § 1983 against Wexford Health Sources, Inc. (Wexford), Dr. Breen (Breen), Correctional Medical Services, Inc. (CMS), and GEO. He claims that Defendants have denied him medical treatment in violation of the Eighth Amendment. *See Doc. 23*. Specifically, he alleges that Defendants Wexford and Breen have "refused to approve Plaintiff's referral to a specialist as a money-saving . . . reason." *Id*. at 3A. He also alleges that since July 1, 2007, CMS has refused to provide medical care for a growing "tumor/mass" in his stomach and a dislocated right hip. *Id*. at 4. As for GEO, Robertson only alleges that GEO "is

responsible for the day-to-day operations of the LCCF prison . . . ." *Id*. at 2A. Robertson believes that he is entitled to injunctive relief, a declaratory judgment, and compensatory and punitive damages. *Id*. at 5.

## Analysis

At the outset, I note that I must accept as true all of the well-pleaded factual allegations in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff. *See Sutton v. Utah State Sch. for Deaf & Blind,* 173 F.3d 1226, 1236 (10th Cir. 1999). In addition, a Rule 12(b)(6) motion "should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id*. Because Robertson is pro se, I must also construe his pleadings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, I "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico,* 113 F.3d 1170, 1173-74 (10th Cir. 1997).

A cause of action is stated under § 1983 for a violation of the Eighth Amendment when a complaint evinces a "deliberate indifference to a prisoner's serious illness or injury" by prison officials. *See Estelle v. Gamble*, 429 U.S. 97, 105 (1976). As the Tenth Circuit stated in *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999), "[d]eliberate indifference has both an objective and subjective component." The objective component is satisfied when the medical condition complained of is sufficiently serious, such that "it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* The subjective component is satisfied when the plaintiff establishes that the "defendant(s) knew [plaintiff] faced a substantial risk of harm and disregarded that risk, 'by failing to take reasonable measures to abate it.'" *Id*.

Even accepting every allegation made by Robertson as true, I conclude that his allegations fail to establish a claim of deliberate indifference against GEO. Robertson has failed to allege that any of GEO's employees or agents personally authorized, supervised or participated in any of the decisions regarding his medical care. This omission is fatal to his claims against GEO. *See Estelle*, 97 U.S. at 106; *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006); *Snell v. Tunnell*, 920 F.2d 673, 700 (10th Cir.1990); *Horton v. Ward*, 123 Fed. Appx. 368, 371, 2005 WL 419814 at **2 (10th Cir. February 23, 2005) (unpublished).

Wherefore,

IT IS HEREBY RECOMMENDED THAT:

1) GEO's Motion to Dismiss (Doc. 18) be granted; and

2) all claims against GEO in this action be dismissed with prejudice.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections with the Clerk of the District Court within the ten day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE