IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WALTER ROBERTSON,

    Plaintiff,

    v.                                                No. CV 07-0565 JH/CEG

WEXFORD HEALTH SOURCES,
INC., FNU BREEN, M.D, THE GEO
GROUP, INC., and CORRECTIONAL
MEDICAL SERVICES, INC.,

    Defendants.

PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before me on Dr. Breen and Wexford Health Sources's (Wexford) motion for summary judgment, as well as Correctional Medical Services (CMS), Dr. Breen, and Wexford's *Martinez* reports. *See Docs. 68, 69, 79, 83.* Plaintiff, Walter Robertson (Robertson), is proceeding pro se and has brought this civil rights action under 42 U.S.C. § 1983.[1] Because Robertson failed to exhaust his available administrative remedies prior to filing this lawsuit, I recommend that this case be dismissed.

Background

Robertson, an inmate at the Lea County Correctional Facility (LCCF), filed this lawsuit on June 11, 2007, naming Dr. Breen, Wexford, CMS, and the GEO Group as Defendants.[2] He claims that Defendants have denied him medical treatment in violation of the Eighth

---

[1] Robertson filed a response to Defendants' *Martinez* reports, but did not file a response to Dr. Breen and Wexford's motion for summary judgment. *See Doc. 75*.

[2] On February 7, 2008, Robertson's claims against the GEO Group were dismissed because "Robertson [] failed to allege that any of GEO's employees or agents personally authorized, supervised, or participated in any of the decisions regarding his medical care." *Doc. 64*.

Amendment.  *See Doc. 23*.  Specifically, he alleges that Wexford and Dr. Breen, a Wexford employee, have "refused to approve Plaintiff's referral to a specialist as a money-saving . . . reason."  *Id*. at 3A.  He also alleges that since July 1, 2007, CMS has refused to provide medical care for a growing "tumor/mass" in his stomach and a dislocated right hip.[3]  *Id*. at 4.  Robertson believes that he is entitled to injunctive relief, a declaratory judgment, and compensatory damages.  *Doc. 23* at 5.

LCCF maintains a mandatory administrative grievance policy for its inmates.  *See Doc. 69, Exs. 15-16*.  Under the policy, any grievance regarding a prison condition or an incident occurring at the facility must be submitted to the grievance officer within twenty days of the incident.  *See Doc. 69, Ex. 15* at C0001, *Ex. 16* at C0011.  Before filing a formal grievance, an inmate must file an informal complaint.  *Id*.  If the informal complaint does not resolve the dispute, the inmate may then file a formal grievance.  *Id*.  When a grievance is filed, the grievance officer will conduct an investigation and complete a grievance officer's report.  *Id*.  The grievance, along with the grievance officer's report, is then delivered to the Warden for review.  *Id*. at C0013.  The Warden makes a decision within fifteen days of receiving the grievance.  *Id*. at C0014.  If the inmate is dissatisfied with the Warden's decision, the inmate must appeal, in writing, to the Secretary of Corrections within seven days of receiving the Warden's decision.  *Id*.

Prior to filing this lawsuit, Robertson filed an informal complaint and a grievance.  The informal complaint involved a damaged debit card and the grievance involved LCCF guards failing to timely respond to a panic button call.  *See Doc. 69, Ex. 17* at C0023-27.  The informal

---

[3] As of July 1, 2007, CMS has provided medical care to inmates at LCCF.  *See Doc. 68* at 1.  Wexford provided medical care to inmates at LCCF from July 1, 2004 to June 30, 2007.  *See Doc. 79* at 3.

complaint and the grievance were both resolved. *Id.*

After filing this lawsuit, Robertson filed three grievances. In the first grievance, Robertson complained that his medications were not being brought to him in his cell. *See Doc. 69, Ex. 17* at C0028-38. This grievance was denied by the Warden and Robertson did not file an appeal. *Id.* In the second and third grievances, Robertson again complained that his medications were not being brought to him in his cell. *See Doc. 69, Ex. 18* at C0039-54. As relief, Robertson asked "to have [his] hip fixed or get a wheelchair" so he could make it to the pill line. *Id.* The second and third grievances are the only grievances in which Robertson mentions his hip and stomach conditions. *Id.* Both grievances were denied by the Warden and Robertson did not file a departmental appeal. *Id.*

## Summary Judgment Standard

The Court may grant summary judgment, under Rule 56(c) of the Federal Rules of Civil Procedure, if the pleadings, depositions, answers to interrogatories and admissions or affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The opposing party must be given notice and an opportunity to respond, as provided in Rule 56. *See Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991).

Defendants carry the initial burden of establishing that there is no genuine issue of material fact for trial. They may satisfy the burden by showing an absence of evidence to support Robertson's claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once they meet their burden, the burden shifts to the plaintiff to demonstrate a genuine issue for trial on a material matter. *See Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). The party opposing the motion may not rest on pleadings, mere argument, or contention but must set forth specific facts through admissible evidence, showing there is a genuine issue

for trial as to those dispositive matters for which he carries the burden of proof. If he cannot make such a showing, summary judgment is appropriate.[4] *See Celotex*, 477 U.S. at 324.

However, the nonmovant's burden to respond arises only where the summary judgment motion is properly "supported." *Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002).

> Accordingly, summary judgment is 'appropriate' under Rule 56(e) only when the moving party has met its initial burden of production under Rule 56(c). If the evidence produced in support of the summary judgment motion does not meet this burden, summary judgment must be denied, *even if no evidentiary matter is presented*.

*Id.* (emphasis in original) (internal citation omitted). Thus, the Court must decide whether Defendants have met their initial burden of demonstrating that no material issues of fact remain for trial. *Id.* Here, I find that they have, and that Robertson has not demonstrated that there is a genuine issue for trial on a material matter. Therefore, summary judgment should be granted.[5]

## Exhaustion of Administrative Remedies

In the motion for summary judgment and the *Martinez* report, Dr. Breen and Wexford argue that Robertson's claims should be dismissed because he failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA). *See Doc. 79* at 5-9; *Doc. 83* at 1-2; *Doc. 69* at 8-14.[6] Specifically, Dr. Breen and Wexford assert that Robertson "made no attempt to exhaust his administrative remedies prior to filing suit . . . [and]

---

[4] Because Robertson is pro se, I must construe his pleadings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, I "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico,* 113 F.3d 1170, 1173-74 (10th Cir. 1997).

[5] Previously, the Court informed the parties that the "*Martinez* report may be used in a variety of contexts, including motion for summary judgment or sua sponte entry of summary judgment." *Doc. 49* at 2.

[6] In its Answer, CMS includes failure to exhaust under the PLRA as an affirmative defense. *See Doc. 44* at 4.

under the circumstances present in this case . . . Plaintiff can never exhaust his administrative remedies against the Defendants because any grievance he might try to file at this date would be time-barred by the facility's grievance policy." *Doc. 79* at 6-7.  I agree.

The PLRA directs that "[n]o action shall be brought with respect to prison conditions" until the prisoner has exhausted his available administrative remedies. 42 U.S.C. § 1997e(a); *see also Booth v. Churner*, 532 U.S. 731, 740-41 (2001).  The United States Supreme Court recently held that "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 127 S.Ct. 910, 921 (2007).  Even when it appears that exhaustion of available remedies would be futile at providing the kind of remedy sought, the prisoner must exhaust the administrative remedies available. *See Booth*, 532 U.S. at 740-41.  An inmate must fully complete the entire process, not just initiate the process. *See Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) ("An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies.") (citation omitted).

Here, Robertson did not fully exhaust the administrative procedures set forth in the LCCF grievance policy.  The record does not show, nor does Robertson allege, that formal grievances were filed which related to the hip and stomach conditions he cites in his Amended Complaint.  While Robertson did file a grievance and an informal complaint before filing this lawsuit, the grievance and the informal complaint have no connection to the allegations set forth in his Amended Complaint.  Further, the record shows that Robertson failed to appeal any of the responses he received to the grievances he did file, as he was required to do to exhaust his administrative remedies.  Accordingly, I conclude that Robertson has not exhausted his

administrative remedies.

Wherefore,

IT IS HEREBY RECOMMENDED THAT:

1) Dr. Breen and Wexford's motion for summary judgment (Doc. 79) be granted;

2) Robertson's motion for declaratory judgment (Doc. 55) be denied; and

2) Robertson's claims against Dr. Breen, Wexford, and CMS be dismissed with prejudice.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the ten day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

---

_____
UNITED STATES MAGISTRATE JUDGE